Mary A. **JAROCH**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

**BOARD OF REGENTS, UNIVERSITY OF WISCONSIN SYSTEM, et al., Defendants.**

Civ. A. No. 74–C–65.

United States District Court, E. D. Wisconsin.

March 29, 1974.

---

Joan F. Kessler, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty. Gen., by Charles D. Hoornstra, Asst. Atty. Gen., Madison, Wis., for defendants.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a teacher termination case in which the plaintiff alleges that loss of her employment with the University of Wisconsin System is imminent and that said loss of employment is caused by sex discrimination. Jurisdiction is claimed under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983, 1985, and 2000e et seq.

This matter is presently pending before the court on plaintiff's motion for a temporary restraining order. Plaintiff asks that defendants be enjoined from terminating plaintiff's employment or, in the alternative, that defendants immediately reinstate plaintiff in her employment.

■ I deny plaintiff's motion on the grounds that she has not satisfied her burden of showing that immediate and irreparable injury, loss, or damage has or will occur. Plaintiff has not been terminated from her job. She has not suffered the loss of any wages or employment benefits. Her sole allegation relating to irreparable harm is one in which she states that she has suffered irreparable damage to her personal and professional reputation in that her personal integrity and professional ability have been attacked.

It has consistently been recognized that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him [or her], notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951); United States v. Lovett, 328 U.S. 303, 316–317, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946); Board of Regents v. Roth, 408 U.S. 564,

573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The right to be heard and notice of that right affords individuals the opportunity to challenge and refute the charges against them. It must be noted that the right to procedural due process should not be confused with the substantive right to the position involved. As was stated in footnote 12 in Board of Regents v. Roth, supra, at 573, 92 S.Ct. at 2707:

> "The purpose of such notice and hearing is to provide the person an opportunity to clear his [or her] name. Once a person has cleared his [or her] name at a hearing, his [or her] employer, of course, may remain free to deny him [or her] future employment for other reasons."

The employer, however, does not afterwards become free to remove an individual from employment on the grounds of race, color, religion, sex, or national origin. Title 42, § 2000e–2, Civil Rights Act of 1964, prohibits this.

Defendants have presented to the court the following factual scheme. On March 14, 1974, defendant Werner A. Baum, who is chancellor of the University of Wisconsin-Milwaukee, commenced proceedings to terminate the employment of the plaintiff from the university. The termination was to be effective ten days after the March 1974 notice (on March 24, 1974). The termination date could be delayed, however, if the plaintiff requested a hearing on the charges contained in the termination notice.

Plaintiff will be provided a hearing in which she is entitled to the safeguards of procedural due process. She will receive notice of the hearing with specific charges in writing. She will receive the names of witnesses against her and will have access to evidence. A valid claim of surprise will entitle her to an adjournment of the hearing. She will have the right to take the stand or, on the other hand, to exercise her privilege against self-incrimination. The right to counsel, to present witnesses, and to cross-examine adverse witnesses will be guaranteed. The ultimate decision of the hearing body will be based on findings of fact and a stenographic record. The administration will carry the burden of proof. The admissibility of evidence will be governed by § 227.10 Wis. Stats. The hearing will be before the University Committee and will be closed unless the plaintiff wants it open.

If the chancellor, after reviewing the committee's report, findings of fact, and recommendations recommends dismissal of the plaintiff, the defendant Board of Regents will then review the matter unless it decides to drop the charges. Judicial review is afforded to plaintiff by Wisconsin's Administrative Procedure Act, § 227.15, Wis.Stats.

Final decision on the plaintiff's termination will take several months. During the pendency of this action the plaintiff will continue to receive her salary.

■ This administrative scheme convinces me that plaintiff will be guaranteed her right to be heard, protected by the required elements of procedural due process. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). She cannot at this stage of the proceedings allege that her reputation has been harmed and simply forego the administrative process available to challenge and refute the charges against her. I find it ironical that if plaintiff had prevailed in this matter and had convinced me that I should grant equitable relief in the form of a temporary restraining order, one element of that relief would have been to order the defendants to hold a hearing wherein plaintiff would be informed of the charges against her and could challenge their sufficiency. See Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The defendants are already willing to do exactly that.

■ Additionally pending before me is a stipulation and proposed order to allow both the plaintiff to amend her complaint and the defendants to either amend their motion to dismiss or to otherwise plead. Rule 15(a) of the Federal

Rules of Civil Procedure states in part: " * * * a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * * " Since the parties have consented to amendment of each other's respective pleadings, and the courts have shown liberality in allowing amendments under Rule 15(a), 3 Moore's Federal Practice ¶ 15.08 at 873 (1974 ed.), I grant leave to so amend.

For the reasons stated above,

It is ordered that plaintiff's motion for a temporary restraining order be and it hereby is denied.

It is further ordered that the plaintiff has fifteen days from the filing date of this memorandum decision and order to serve and file an amended complaint, and that defendants have fifteen days thereafter to serve and file an amended motion to dismiss or to otherwise plead.